UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOHNNY AYALA-GARCÍA, | |
| Petitioner, | Civil No. 14-1587 (JAF) |
| v. | (Crim. No. 06-66-2) |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**OPINION AND ORDER**

Petitioner Johnny Ayala-García ("Ayala-García") comes before the court with a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence we imposed in Criminal No. 06-66-2. (Docket No. 1.) Because it is time-barred and because he has not supported his claim of actual innocence, we must deny his petition.

**I.**

**Background**

On November 15, 2006, Ayala-García pleaded guilty to his role in a deadly armed carjacking. (Docket Nos. 62, 70.) On February 21, 2007, we sentenced him to 420 months' imprisonment. (Docket No. 84.) Ayala-García filed a notice of appeal, and his counsel submitted a motion under Local Rule 46.6(c)(4), stating that there were no non-frivolous issues for the First Circuit to consider. *United States v. Ayala-García* (1st Cir. 2008). On July 9, 2008, the First Circuit wrote that based "on our review of the transcripts and record materials, we conclude that counsel's invocation of Local Rule 46.6(c)(4) is well taken," and summarily affirmed the judgment. *United States v. Ayala-*

*García* (1st Cir. 2008). On July 31, 2014, Ayala-García filed the instant motion to vacate his sentence under 28 U.S.C. § 2255.

## II.

## **Jurisdiction**

Ayala-García is currently in federal custody, having been sentenced by this district court. To file a timely motion, Ayala-García had one year from the date his judgment became final; one year from the date on which an impediment to such motion created by governmental action was removed; one year from the date on which the Supreme Court recognized a new retroactively-applicable right; or one year from when the relevant facts could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Ayala-García does not argue that the government created an impediment to such motion; that there is a new retroactively-applicable Supreme Court rule; or that he discovered new facts after the disposition of his case. *See* Docket No. 1. His judgment became final on the last day that he could have filed a petition for a writ of certiorari, which was ninety days after the entry of the Court of Appeals' judgment. SUP. CT. R. 13(1); *Clay v. United States*, 537 U.S. 522 (2003). Therefore, his judgment became final on October 7, 2008, and he had until October 7, 2009, to file the instant motion. Ayala-García did not file until July 31, 2014, nearly three years too late. Therefore, we lack jurisdiction and must deny his petition.

## III.

## **Actual Innocence**

In an attempt to defeat the time bar, Ayala-García claims actual innocence. (Docket No. 1.) Actual innocence, if shown, would allow us to consider the merits of his case, because courts aim to correct clear miscarriages of justice. *See Schlup v. Delo*, 513

U.S. 298 (1995). Ayala-García writes that "he is actually and factually innocent of the crime to which he entered a guilty plea […and] that his guilty plea was the product of threats and coercion by a corrections officer and family member of the victim." (Docket No. 1 at 15.) The Supreme Court stated that actual innocence requires a showing that "no reasonable juror would have found the defendant guilty." *Schlup*, 513 U.S. at 329. To support a claim of actual innocence, the petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Ayala-García has presented no new reliable evidence.

Further, at the change of plea hearing, Ayala-García repeatedly asserted that he had not been coerced into pleading guilty. The following transcript portion is illustrative:

> THE COURT: Has anyone threatened you or anybody else related to you in order to force you or induce you to plead in this case?
>
> DEFENDANT AYALA GARCIA: No.

(Crim. No. 06-66-2, Docket No. 70 at 19.)

We later asked:

> THE COURT: Has anybody made any promise to you, any promise to you, in order to induce you or force you to plead in this case?
>
> DEFENDANT AYALA GARCIA: No.

(Crim. No. 06-66-2, Docket No. 70 at 20.) According to the First Circuit, we are entitled to "give weight to the defendant's statements at his change-of-plea colloquy absent a 'good reason for disregarding them' […] Without independent corroboration, 'we not

only view his plea colloquy as 'evidential,' but sufficiently 'conclusive' to contradict his claims.'" *U.S. v. Santiago Miranda*, 654 F.3d 130, 138 (1st Cir. 2011). Therefore, Ayala-García's claim of actual innocence fails.

## IV.
## **Ineffective Assistance of Counsel**

Ayala-García also claims ineffective assistance of counsel. He claims that "trial counsel refused to investigate petitioner's claims that he was being threatened and harassed by a corrections officer-family member of the victim" and that "trial counsel lied about investigating petitioner's claims that he had been beaten by corrections officers who stated that if Petitioner did not plead guilty, officers would harm Petitioner's family member." (Docket No. 1 at 15.) For the reasons stated above, this claim is both time-barred and contradicted by Ayala-García's own statements before the court.

## V.
## **Certificate of Appealability**

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). In this respect, we state that it has become common practice to collaterally challenge federal convictions in federal court by raising arguments of dubious merit. This practice is overburdening federal district courts to the point of having some of these criminal cases re-litigated on § 2255 grounds. We look at this matter with respect to the rights of litigants, but also must protect the integrity of the system against meritless allegations. *See Davis v. U.S.*, 417 U.S. 333, 346 (1974) (in a motion to vacate judgment under §2255, the claimed error of law must be a fundamental defect which inherently results in a complete miscarriage of justice); *see also Dirring v.*

*U.S.*, 370 F.2d 862 (1st Cir. 1967) (§ 2255 is a remedy available when some basic fundamental right is denied—not as vehicle for routine review for defendant who is dissatisfied with his sentence).

We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). While Ayala-García has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his constitutional claims debatable or wrong. Ayala-García may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## VI.
## Conclusion

For the foregoing reasons, we hereby **DENY** Ayala-García's § 2255 motion (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Ayala-García is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 3rd day of October, 2014.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE